```
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------- X
                                                 )
RALF HARTMANN,                                   )
                                                 )   C.A. No.
                            Plaintiff,           )
                                                 )
                   v.                            )   COMPLAINT AND
                                                 )   JURY DEMAND
GOOGLE LLC and YOUTUBE, LLC                      )
                                                 )
                            Defendants.          )
                                                 )
----------------------------------------------- X
```

Plaintiff, Ralf Hartmann, by and through his attorneys, Lebowitz Law Office LLC, as and for the complaint against defendants Google LLC ("Google") and YouTube, LLC ("YouTube"), allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for damages against Defendants for violations of the United States Copyright Act of 1976, 17 U.S.C. §§ 101, et seq. This action arises out of Defendant's infringement of copyrights in numerous Motion Pictures (as defined below) to which Plaintiff owns or controls copyright and/or exclusive distribution rights.

2. Plaintiff brings this action against Defendants for direct, and contributory infringement of Plaintiff's copyrights in the Motion Pictures, in violation of the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"), the Berne Convention for the Protection of Literary and Artistic Works (the "Berne Convention"), as adopted by the Copyright Act, and in violation of the copyright laws of the foreign countries identified below (the "Foreign Countries"), where Defendant also violated Plaintiff's copyrights by

committing infringing acts, including, without limitation, copying,
distributing, renting, lending, selling, issuing, performing or
broadcasting the Motion Pictures within these Foreign Countries
(the "Foreign Copyright Laws").  Plaintiff seeks damages for
Defendant's infringements (and an injunction to prevent further
unlawful use).

PARTIES

3.    Plaintiff Ralf Hartmann ("Plaintiff" or "RH") is a citizen
and resident of Germany.

4.    Defendant YouTube, LLC is a Delaware limited liability
company with its principal place of business in San Bruno, California.

5.    YouTube, LLC is a wholly owned and controlled subsidiary of
Defendant Google LLC ("Google"), a Delaware limited liability company
with its principal place of business in Mountain View, California, and
a place of business in the State of New York and this District.

6.    Defendants operate a website called "YouTube," located at
www.youtube.com, one of the most prominent and popular websites on the
Internet.

7.    Google exercises substantial and continuing control over
the continuing acts of YouTube that form the subject matter of the
claims against YouTube.

8.    Google also operates Google Play or the Google Play Store,
which, upon information and belief, is a digital distribution service
managed and developed by Google ("Google Play"), and serves as a
digital media store, offering music, books, movies, and television

programs. Google's digital distribution service for movies is called Google Play Movies & TV.

## JURISDICTION AND VENUE

9.    The Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338 with respect to RH's federal statutory claims.

10.    Upon information and belief, a substantial part of the facts of infringement complained of herein occurs or has occurred in this district, and Defendants are subject to personal jurisdiction in this district because they maintain a headquarters in this district located at 111 Eighth Avenue, New York, NY.

11.    Personal jurisdiction over Defendants is proper in this Court, among other reasons, on the grounds that Defendants, through their interactive web-based subscription service, caused the unlicensed streaming, rental, sale, broadcast and distribution of the Plaintiff's Motion Pictures throughout the State of New York, including within this judicial district.

12.    This Court has personal jurisdiction over Defendants pursuant to CPLR § 302 (New York's long-arm statute) due to their continuous and systematic business activities within New York as described below. Defendants have conducted and do conduct business within New York. Defendants, directly or through intermediaries (including distributors, retailers, and others), ship, distribute, offer for sale, sell, and advertise products in the United States, and specifically to New York. Defendants purposefully and

voluntarily streamed, rented, sold, broadcast and distributed
Plaintiffs' Motion Pictures in New York.

13.   Venue is proper in this district pursuant to 28 U.S.C. §§
1391(b) and (c) and/or 1400(a).

GENERAL ALLEGATIONS

<u>The Motion Pictures</u>

14.   Pursuant to an agreement and short form assignment entered
into between Capella Films, Inc. ("Capella Films") and RH dated
January 1, 2008, Capella Films assigned, transferred and sold to RH
all of Capella Films' interests (the "Interests") in multiple motion
pictures, including the following nine (9) motion pictures:  (i)
Austin Powers: International Man of Mystery; (ii) After the Rain;
(iii) A Business Affair; (iv) Commander Hamilton; (v) Drop Dead
Gorgeous; (vi) Fall; (vii) The Last Tattoo; (viii) Music From Another
Room; and (ix) Pete's Meteor (the "Motion Pictures").

15.   The Interests acquired by RH included the copyrights in the
following Motion Pictures registered with the United States Copyright
Office: *After The Rain*; *A Business Affair*; *Commander Hamilton*; *Fall*;
*The Last Tattoo*; *Music From Another Room*; and *Pete's Meteor*.  The
copyright registration numbers for each of these Motion Pictures are
set forth in the document annexed hereto as Exhibit A.

16.   Among the bundle of rights afforded to RH under United
States copyright law – which rights were acquired from Capella Films –
are the exclusive rights to "Reproduce the copyrighted work,"
"distribute copies…of the copyrighted work to the public," "perform
the copyrighted work publicly," and "display the copyright work

4

publicly." 17 U.S.C. § 106.  This includes the exclusive right "to
transmit or otherwise communicate a performance or display" of the
Motion Pictures "to the public by means of any device or process
whether the members of the public capable of receiving the performance
or display receive it in the same place or in separate places and at
the same time or at different times."  Id. § 101.

17.  The Interests acquired by RH from Capella Films also
included the copyright in and to the following two Motion Pictures
throughout the "International Territory" (including any renewals and
extensions of copyright):  *Austin Powers:  International Man of
Mystery*; and *Drop Dead Gorgeous*.  Here, "International Territory" was
defined to mean the universe with the exclusion of the United States
and Canada.

18.  Beginning in July 2017, Defendants, without Plaintiff's
authorization, have reproduced, distributed to the public for profit
by sale or by rental, and publicly performed Plaintiff's copyright
protected Motion Pictures *After the Rain*, *Commander Hamilton* and *The
Last Tattoo* in the United States, including in this District, in
violation of Plaintiff's exclusive rights, including the display of
the individual images of the Motion Pictures *After the Rain*, *Commander
Hamilton* and *The Last Tattoo.*

19.  Specifically, Defendants reproduced, distributed,
publically performed and displayed the Motion Pictures *After the Rain*,
*Commander Hamilton* and *The Last Tattoo* in the United States through
their YouTube and Play Store platforms – both accessible to public
endusers via the internet and by downloadable app – and by means of

streaming (Video on Demand or "VOD"), sale (Electronic Sell Through or "EST"), rental (Download to Rent or "DTR") or Advertising Supported Video on Demand ("ASVOD").

20.   Defendants continued to reproduce, distribute, publically perform and display the Motion Pictures *After the Rain*, *Commander Hamilton* and *The Last Tattoo* in the United States, including in this District, via their YouTube and Play Store platforms thru December 2017, and upon information and belief, thereafter into 2018.

21.   Collectively, the Motion Pictures *After the Rain*, *Commander Hamilton and The Last Tattoo* were reproduced, distributed, publically performed and/or displayed thousands of times in the United States, including within this District.

22.   Moreover, beginning in July 2017, Defendants, without Plaintiff's authorization, have reproduced, distributed to the public for profit by sale or by rental, and publicly performed Plaintiff's copyright protected Motion Pictures *After the Rain*, *Commander Hamilton, The Last Tattoo* and *Austin Powers:  International Man of Mystery*, in the Foreign Countries, including, but not limited to, Australia, Denmark, Great Britain, Ireland and Germany.

23.   Specifically, Defendants reproduced, distributed, publically performed and displayed the Motion Pictures *After the Rain*, *Commander Hamilton, The Last Tattoo* and *Austin Powers:  International Man of Mystery* in the Foreign Countries through their YouTube and Play Store platforms – both accessible to public endusers in the Foreign Countries via the internet and by downloadable app – and by means of

streaming (VOD), sale (EST), rental (DTR) or Advertising Supported
Video on Demand (ASVOD).

24.   Defendants continued to reproduce, distribute, publically
perform and display the Motion Pictures *After the Rain*, *Commander*
*Hamilton, The Last Tattoo* and *Austin Powers:  International Man of*
*Mystery* in the Foreign Countries, via their YouTube and Play Store
platforms thru December 2017, and upon information and belief,
thereafter into 2018.

25.   Collectively, the Motion Pictures *After the Rain*, *Commander*
*Hamilton*, *The Last Tattoo*, and *Austin Powers: International Man of*
*Mystery* were reproduced, distributed, publically performed and/or
displayed thousands of times in the Foreign Countries.

26.   Defendants, without Plaintiff's authorization, have upon
information and belief, stored, hosted, and reproduced multiple,
identical, digital copies of each of these four Motion Pictures -
*After the Rain*, *Commander Hamilton*, *The Last Tattoo*, and *Austin*
*Powers: International Man of Mystery* – onto and among multiple hard
drives housed in Defendants' digital storage facilities or data
centers ("Data Centers") which are located throughout the United
States.

27.   Upon information and belief, each Data Center is one part
of or one node within a larger, connected network of Data Centers
which Defendants' own in the United States and around the world.

28.   Upon information and belief, each of Defendants' Data
Center is connected to the internet, and to each other, which allowed
Defendants to copy each of these four Motion Pictures - *After the*

*Rain*, *Commander Hamilton*, *The Last Tattoo*, and *Austin Powers:*
*International Man of Mystery* – onto many hard drives or servers
located within the multiple Data Centers which Defendants own in the
United States.

29.   Upon information and belief, Defendants then reproduced,
distributed, publically performed and displayed the Motion Pictures -
*After the Rain*, *Commander Hamilton* and *The Last Tattoo* – from their
Data Centers in the United States to end users in the United States,
including this District, via their YouTube and Play Store platforms –
by means of streaming (VOD), sale (EST), rental (DTR) and/or
Advertising Supported Video on Demand (ASVOD).

30.   Upon information and belief, Defendants also then
reproduced, distributed, publically performed and displayed the Motion
Pictures - *After the Rain*, *Commander Hamilton, The Last Tattoo* and
*Austin Powers: International Man of Mystery* – from their Data Centers
in the United States to end users in the Foreign Countries, via their
YouTube and Play Store platforms – by means of streaming (VOD), sale
(EST), rental (DTR) and/or Advertising Supported Video on Demand
(ASVOD).

31.   Defendants' reproduction, distribution, public performance
and/or display of the Motion Pictures - *After the Rain*, *Commander*
*Hamilton, The Last Tattoo* – within the United States was without
Plaintiff's license or authorization and a violation of the Copyright
Act.

32.   Defendants' reproduction of the Motion Pictures - *After the*
*Rain*, *Commander Hamilton, The Last Tattoo* and *Austin Powers:*

*International Man of Mystery* – within the United States and distribution, public performance and/or display of these Motion Pictures in the Foreign Countries, was without Plaintiff's license or authorization and a violation of the Copyright Act.

33.   Upon information and belief, Defendants' reproduction, distribution, public performance and/or display of the Motion Pictures – *After the Rain*, *Commander Hamilton* and *The Last Tattoo* – within the United States, occurred hundreds, if not thousands of times, since July 2017.

34.   Upon information and belief, Defendants' reproduction of the Motion Pictures – *After the Rain*, *Commander Hamilton*, *The Last Tattoo* and *Austin Powers: International Man of Mystery* – within the United States, and distribution, public performance and/or display of these Motion Pictures in the Foreign Countries, occurred hundreds, if not thousands of times, since July 2017.

35.   Upon information and belief, Defendants' infringing acts, including, without limitation, copying, distributing, renting, lending, selling, issuing, performing or broadcasting the Motion Pictures – *After the Rain*, *Commander Hamilton*, *The Last Tattoo* and *Austin Powers: International Man of Mystery* – within the Foreign Countries, occurred hundreds, if not thousands of times, since July 2017.

36.   Because information regarding Defendants' full use of RH's Motion Pictures remains incomplete or in Defendants' sole possession, the full and complete scope of Defendants' infringing activities and

infringing uses of RH's Motion Pictures has not yet been fully ascertained.

37.    Upon information and belief, a reasonable opportunity for further investigation and discovery will yield evidence that Defendants' unauthorized, unlicensed, and/or infringing use and exploitation of the Motion Pictures is not limited to the uses described herein.

38.    Defendants' pattern of unlicensed, unauthorized, and uncompensated use of the Motion Pictures injured plaintiff, including by depriving Plaintiff of his rightful compensation for the use of his Motion Pictures and infringing on Plaintiff's exclusive rights to control the reproduction, use, distribution, and sale of his Motion Pictures.

CLAIMS FOR RELIEF

COUNT I

**Direct Infringement of Copyright in the United States**

25.    RH incorporates by reference each and all of his prior allegations as if set forth herein.

26.    Defendants, without Plaintiff's authorization, have reproduced, distributed to the public for profit by sale or by rental, and publicly performed Plaintiff's copyright protected Motion Pictures *After the Rain*, *Commander Hamilton* and *The Last Tattoo* in the United States, including in this District, in violation of Plaintiff's exclusive rights, including the display of the individual images of the Motion Pictures *After the Rain*, *Commander Hamilton* and *The Last Tattoo*.

27.  The foregoing acts of infringement by Defendants have been willful, intentional, and in disregard and with indifference to the rights of Plaintiff.

28.  As a direct and proximate result of Defendants' infringement of RH's copyrights and exclusive rights under copyright in the Motion Pictures, RH is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, at RH's election, pursuant to 17 U.S.C. § 504(b), RH shall be entitled to its actual damages, including Defendants' profits from infringement, as will be proven at trial.

29.  RH is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.


COUNT II

**Contributory Infringement of Copyrights in the United States**

30.  RH incorporates by reference each and all of its prior allegations as if set forth herein.

31.  Defendants maintain the YouTube and Google Play platforms through which Defendants reproduced, distributed to the public for profit by sale or by rental, and publicly performed Plaintiff's copyright protected Motion Pictures - *After the Rain*, *Commander Hamilton* and *The Last Tattoo After the Rain*, *Commander Hamilton* and *The Last Tattoo* - in the United States, including in this District, in violation of Plaintiff's exclusive rights, including the

display of the individual images of the Motion Pictures *After the Rain*, *Commander Hamilton* and *The Last Tattoo.*

32.   Defendants also developed, maintained and distributed a YouTube App and a Google Play App through which Defendants reproduced, distributed to the public for profit by sale or by rental, and publicly performed Plaintiff's copyright protected Motion Pictures - *After the Rain*, *Commander Hamilton* and *The Last Tattoo* *After the Rain*, *Commander Hamilton* and *The Last Tattoo* - in the United States, including in this District, in violation of Plaintiff's exclusive rights, including the display of the individual images of the Motion Pictures *After the Rain*, *Commander Hamilton* and *The Last Tattoo.*

33.   Defendants, by facilitating, managing or directing unauthorized distributions of the Motion Pictures *After the Rain*, *Commander Hamilton* and *The Last Tattoo*, to which RH owns or holds the exclusive rights, materially contributed to the violation of the copyright laws by end users of YouTube and Google Play.

34.   The acts of contributory infringement by Defendants have been committed willfully and with the knowledge that their conduct aided and abetted the end-users of YouTube and Google Play to violate the exclusive rights of Plaintiff in the Motion Pictures *After the Rain*, *Commander Hamilton* and *The Last Tattoo*.

35.   Each unlawful reproduction, distribution, public performance and/or public display of the Motion Pictures - *After the Rain*, *Commander Hamilton* and *The Last Tattoo* – by end-users of YouTube and/or Google Play, constitutes a separate act of contributory

infringement on the part of Defendants for which Plaintiff is entitled to actual damages.

36.   As a direct and proximate result of Defendants' contributory infringement of RH's copyrights and exclusive rights under copyright, RH is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, at RH's election, pursuant to 17 U.S.C. § 504(b), RH shall be entitled to his actual damages, including Defendant's profits from infringement, as will be proven at trial.

37.   RH is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

COUNT III

**Contributory Infringement of Copyrights in Motion Pictures Reproduced on Defendants' Data Centers in the United States and Distributed To Foreign Countries**

38.   RH incorporates by reference each and all of its prior allegations as if set forth herein.

39.   Defendants, without Plaintiff's authorization, reproduced digital copies of the Motion Pictures - *After the Rain*, *Commander Hamilton, The Last Tattoo* and *Austin Powers:  International Man of Mystery* - on Defendants' Data Centers in the United States, for the purpose of further distributing the Motion Pictures in the Foreign Countries, via their YouTube and Google Play platforms.

40.   From Defendants' Data Centers in the United States, and through their YouTube and Google Play platforms, Defendants'

13

distributed copies of the Motion Pictures - *After the Rain*, *Commander Hamilton, The Last Tattoo* and *Austin Powers:  International Man of Mystery* – to YouTube and Google Play end-users located in the Foreign Countries.

41.  Defendants' wrongful acts of reproduction and distribution of the Motion Pictures - *After the Rain*, *Commander Hamilton, The Last Tattoo* and *Austin Powers:  International Man of Mystery* – on their Data Centers in the United States, were predicate acts of domestic copyright infringement from which flowed extraterritorial acts of copyright infringement by end-users of YouTube and Google Play in the Foreign Countries.

42.  Each such unlawful reproduction and distribution of any of these Motion Pictures - *After the Rain*, *Commander Hamilton, The Last Tattoo* and *Austin Powers:  International Man of Mystery* – from Defendants' servers in the United States to end-users of YouTube and Google Play in the Foreign Countries, constitutes a separate act of contributory infringement by Defendants for which Plaintiff is entitled to actual damages.

43.  As a direct and proximate result of Defendants' contributory infringement of RH's copyrights and exclusive rights under copyright, RH is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, at RH's election, pursuant to 17 U.S.C. § 504(b), RH shall be entitled to its actual

damages, including Defendants' profits from infringement, as will be proven at trial.

44.  RH is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

COUNT IV

**Vicarious Infringement of Copyrights in the United States**

45.  RH incorporates by reference each and all of its prior allegations as if set forth herein.

46.  Google has a right and ability to supervise Youtube and its website, Youtube.com.

47.  Moreover, Google's right and ability to supervise YouTube coalesced with an obvious and direct financial interest in the exploitation of the Motion Pictures by YouTube via Youtube.com and/or the YouTube App.

48.  By failing to supervise YouTube, Google is vicariously liable for the direct copyright infringement by YouTube in distributing for rental or sale, publicaly performing and/or displaying the Motion Pictures - *After the Rain*, *Commander Hamilton,* and *The Last Tattoo* - on the YouTube platform via Youtube.com and/or the YouTube App.

COUNT V

**Copyright Infringement In Violation Of The
Foreign Copyright Laws**

49.  RH incorporates by reference each and all of its prior allegations as if set forth herein.

50.   Plaintiff's Motion Pictures *After the Rain*, *Commander Hamilton, The Last Tattoo* and *Austin Powers:  International Man of Mystery* are protectable under Foreign Copyright Laws of countries that are signatories to the Berne Convention.

51.   In violation of the Berne Convention, as adopted by the Copyright Act, and in violation of Foreign Copyright Laws of the Foreign Countries, Defendants committed infringing acts, including, without limitation, copying, distributing, renting, lending, selling, issuing, performing or broadcasting the Motion Pictures - *After the Rain*, *Commander Hamilton, The Last Tattoo* and *Austin Powers: International Man of Mystery* – in the Foreign Countries amd without Plaintiff's authorization.

52.   Defendants' acts of copying, distributing, renting, lending, selling, issuing, performing or broadcasting the Motion Pictures - *After the Rain*, *Commander Hamilton, The Last Tattoo* and *Austin Powers:  International Man of Mystery* - in the Foreign Countries, via Defendants' YouTube and Google Play platforms, without Plaintiff's authorization, constitute copyright infringement under the Foreign Copyright Laws, entitling Plaintiff to money damages under the Foreign Copyright Laws, including, where applicable, statutory damages for each infringing act.

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant, as follows:

        (a)   That Defendants be held to have infringed upon Plaintiff's copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 501 et seq.;

(b)     that Defendants be held to have willfully infringed upon Plaintiff's copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 501 et seq.;

(c)     that an accounting be had and judgment be rendered against Defendant for the profits, gains, and advantages derived from their wrongful actions, with such amounts to be increased and trebled as provided by law because of the willful and deliberate nature of Defendant's actions;

(d)     compensatory damages and full restitution of all funds acquired from Defendant's unfair business practices, including disgorgement of profits;

(e)     actual damages suffered by Plaintiff;

(f)     and/or statutory damages upon Plaintiff's election;

(g)     punitive damages, to be awarded to Plaintiff;

(h)     costs of suit herein;

(i)     costs of investigation;

(j)      both pre- and post-judgment interest on any amounts awarded;

(k)     payment of reasonable attorneys' fees;

(l)     declaratory relief; and

(m)     such other and further relief as the Court may deem

just and proper.

<u>DEMAND FOR A JURY TRIAL</u>

As to all causes of action, where applicable, Plaintiff demands a jury trial.

Dated: New York, New York
      July 24, 2020

                       LEBOWITZ LAW OFFICE, LLC

By:                              
                       Marc A. Lebowitz
                       Keith M. Getz
                       747 Third Avenue
                       23rd Floor
                       New York, New York 10017
                       (212) 682-6818
                       *Attorneys for Ralf Hartmann*