UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                           )
RALF HARTMANN,                             )
                                           ) C.A. No. 20-cv-05778-JPC
                     Plaintiff,            )
                                           )
                                           ) SECOND AMENDED COMPLAINT
           v.                              ) AND JURY DEMAND
                                           )
GOOGLE LLC and YouTube, LLC                )
                                           )
                     Defendants.           )
----------------------------------------- X


        Plaintiff, Ralf Hartmann, by and through his attorneys, Lebowitz

Law Office LLC, as and for his second amended complaint against

defendants Google LLC ("Google") and YouTube, LLC ("YouTube"), allege

as follows:

**NATURE OF THE ACTION**

        1.    This is a civil action for damages against Defendants for

violations of the United States Copyright Act of 1976, 17 U.S.C. §§

101, et seq. This action arises out of Defendant's infringement of

copyrights in numerous Motion Pictures (as defined below) to which

Plaintiff owns or controls copyright and/or exclusive distribution

rights.

        2.    Plaintiff brings this action against Defendants for direct,

and contributory infringement of Plaintiff's copyrights in the Motion

Pictures, in violation of the Copyright Act of 1976, as amended, 17

U.S.C. §§ 101 et seq. (the "Copyright Act"), the Berne Convention for

the Protection of Literary and Artistic Works (the "Berne

Convention"), as adopted by the Copyright Act, and in violation of the

copyright laws of the foreign countries identified below (the "Foreign

Countries"), where Defendant also violated Plaintiff's copyrights by committing infringing acts, including, without limitation, copying, distributing, renting, lending, selling, issuing, performing or broadcasting the Motion Pictures within these Foreign Countries (the "Foreign Copyright Laws").  Plaintiff seeks damages for Defendant's infringements (and an injunction to prevent further unlawful use).

PARTIES

3.    Plaintiff Ralf Hartmann ("Plaintiff" or "RH") is a citizen and resident of Germany.

4.    Defendant YouTube, LLC is a Delaware limited liability company with its principal place of business in San Bruno, California.

5.    YouTube, LLC is a wholly owned and controlled subsidiary of Defendant Google LLC ("Google"), a Delaware limited liability company with its principal place of business in Mountain View, California, and a place of business in the State of New York and this District.

6.    Defendants operate a website called "YouTube," located at www.youtube.com, one of the most prominent and popular websites on the Internet.

7.    Google exercises substantial and continuing control over the continuing acts of YouTube that form the subject matter of the claims against YouTube.

8.    Google also operates Google Play or the Google Play Store, which, upon information and belief, is a digital distribution service managed and developed by Google ("Google Play"), and serves as a digital media store, offering music, books, movies, and television

programs. Google's digital distribution service for movies is called Google Play Movies & TV.

JURISDICTION AND VENUE

9.    The Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338 with respect to RH's federal statutory claims.

10.    By virtue of 28 U.S.C. §1367, this court has supplemental jurisdiction over the copyright claims arising under foreign laws.

11.    Upon information and belief, a substantial part of the facts of infringement complained of herein occurs or has occurred in this district, and Defendants are subject to personal jurisdiction in this district because they maintain a headquarters in this district located at 111 Eighth Avenue, New York, NY.

12.    Personal jurisdiction over Defendants is proper in this Court, among other reasons, on the grounds that Defendants, through their interactive web-based subscription service, caused the unlicensed streaming, rental, sale, broadcast and distribution of the Plaintiff's Motion Pictures throughout the State of New York, including within this judicial district.

13.    This Court has personal jurisdiction over Defendants pursuant to CPLR § 302 (New York's long-arm statute) due to their continuous and systematic business activities within New York as described below. Defendants have conducted and do conduct business within New York. Defendants, directly or through intermediaries (including distributors, retailers, and others), ship, distribute,

offer for sale, sell, and advertise products in the United States, and specifically to New York. Defendants purposefully and voluntarily streamed, rented, sold, broadcast and distributed Plaintiffs' Motion Pictures in New York.

14. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(a).

GENERAL ALLEGATIONS

<u>The Motion Pictures</u>

15. RH is the owner of the copyrights in the following motion pictures:

      (a)    After the Rain, Copyright Reg. No. PA0001041433, dated March 12, 2001 ("After the Rain") ("Exhibit A");

      (b)    Commander Hamilton, Copyright Reg. No. V3418D562, dated July 2, 1998 ("Commander Hamilton") ("Exhibit B");

      (c)    The Last Tattoo, Copyright Reg. No. PA0000824942, dated April 29, 1996 ("The Last Tattoo") ("Exhibit C"); and

      (d)    Pete's Meteor, Copyright Reg. No. PA 0001041434, dated March 12, 2001 ("Pete's Meteor") ("Exhibit D").

16. RH is the owner of the international copyrights in, and international distribution rights for, the following motion pictures:

      (a)    Austin Powers:  International Man of Mystery, Copyright Reg. No. V3405D622, dated October 20, 1997 and Copyright Reg. No. V3408D529, dated December 29, 1997 ("Austin Powers") ("Exhibit E"); and

      (b)    Drop Dead Gorgeous, Copyright Reg. No. V3450D488, dated March 20, 2000 ("Drop Dead Gorgeous") ("Exhibit F").

<u>Chain of Title</u>

**Copyright Registrations**

17.  As set forth in the records of the Copyright Office, Erste Beteiligung KC Medien AG ("Erste KC Medien") was assigned a copyright in: (i) *After the Rain* (Exhibit A), (ii) *Commander Hamilton* (pursuant to a written Memorandum of Exclusive Rights, filed with the Copyright Office; Exhibit B), (iii) *Austin Powers* (pursuant to a written assignment of copyright, filed with the Copyright Office; Exhibit E), and (iv) *Drop Dead Gorgeous* (pursuant to a written Memorandum of Sale, filed with the Copyright Office; Exhibit F").

18.  As set forth in the records of the Copyright Office, Zweite Beteiligung KC Medien AG ("Zweite KC Medien") was assigned a copyright in: (i) *After the Rain (Exhibit A)*, (ii) *Commander Hamilton* (pursuant to a written Memorandum of Exclusive Rights, filed with the Copyright Office; Exhibit B)*, (iii) Pete's Meteor (Exhibit D), and (iv) Drop Dead Gorgeous* (pursuant to a written Memorandum of Sale, filed with the Copyright Office; Exhibit F").

19.  As set forth in the records of the Copyright Office, Capella International, Inc. ("Capella International") was assigned a copyright in: (i) *After the Rain (Exhibit A)*, (ii) *Commander Hamilton* (pursuant to a written Memorandum of Exclusive Rights, filed with the Copyright Office; Exhibit B)*, (iii) The Last Tattoo (Exhibit C), (iv) Pete's Meteor (Exhibit D), and (v) Austin Powers* (pursuant to a written assignment of copyright, filed with the Copyright Office; Exhibit E)

**Written Assignments of Copyright to Capella Films**

20.    Pursuant to a written assignment agreement dated May 27, 2007 and entered into between Erste KC Medien and Capella Films, Inc. ("Capella Films"), Erste KC Medien assigned to Capella Films all of Erste KC Medien's right, title and interest in the following motion pictures: (i) *After the Rain (Exhibit A)*, (ii) *Commander Hamilton* (Exhibit B), (iii) *Austin Powers (Exhibit E)*, and (iv) *Drop Dead Gorgeous (Exhibit F)*.

21.    Pursuant to a written assignment agreement dated May 27, 2007 and entered into between Zweite KC Medien and Capella Films, Zweite KC Medien assigned to Capella Films all of Zweite KC Medien's right, title and interest in the following motion pictures: (i) *After the Rain (Exhibit A)*, (ii) *Commander Hamilton (Exhibit B), (iii) Pete's Meteor (Exhibit D), and (iv) Drop Dead Gorgeous* (Exhibit F).

**Written Assignments of Copyrights to Ralf Hartmann**

22.    Pursuant to a written assignment agreement dated January 1, 2008 and entered into between Capella Films and RH, Capella Films assigned to RH all of Capella Films' right, title and interest in the following motion pictures: (i) *After the Rain*, (ii) *Commander Hamilton*, (iii) Pete's Meteor, (iv) *Austin Powers*, and (v) *Drop Dead Gorgeous*.

23.    Pursuant to a written assignment agreement dated January 1, 2008 and entered into between Capella International and RH, Capella International assigned to RH all of Capella International's right, title and interest in the following motion pictures: (i) *After the*

*Rain*, (ii) *Commander Hamilton*, (iii) *Pete's Meteor*, (iv) *Last Tattoo*
(v*) Austin Powers*, and (vi) *Drop Dead Gorgeous*.

**Ralf Hartmann's Copyright Ownership in the Motion Pictures**

24. Pursuant to the above-mentioned series of written
assignment agreements, Ralf Hartmann is the owner of copyrights in the
following motion pictures which are registered with the United States
Copyright Office: *After the Rain*, *Commander Hamilton*, *The Last Tattoo*
and *Pete's Meteor*.

25. Pursuant to the above-mentioned series of written
assignment, Ralf Hartmann is the owner of copyrights in the following
motion pictures which are registered with the United States Copyright
Office: *Austin Powers* and *Drop Dead Gorgeous*. These copyrights
concern international copyright and distribution rights for *Austin
Powers* and *Drop Dead Gorgeous*.

26. Among the bundle of rights afforded to RH under United
States copyright law – which rights were acquired from Capella Films
and Capella GmbH – are the exclusive rights to "Reproduce the
copyrighted work," "distribute copies…of the copyrighted work to the
public," "perform the copyrighted work publicly," and "display the
copyright work publicly." 17 U.S.C. § 106. This includes the
exclusive right "to transmit or otherwise communicate a performance or
display" of the Motion Pictures "to the public by means of any device
or process whether the members of the public capable of receiving the
performance or display receive it in the same place or in separate
places and at the same time or at different times." Id. § 101.

Google Play and YouTube

27.  Google owns and operates an internet based, media distribution store and service called Google Play ("Google Play Store") through which they offer, among other digital content, films and television shows for rent or purchase via a transactional video on demand distribution method ("TVOD").

28.  The Google Play Store is accessible via the internet, and only requires a browser and a Google Play Store user account, in order to rent or purchase films or other digital content through the Google Play Store.

29.  The Google Play Store is accessible to end users within the United States at https://play.google.com/store?gl=US.

30.  Upon information and belief, the Google Play Store is accessible to end users within foreign countries, including, but not limited to Australia, United Kingdom, Germany, Ireland, Norway, Sweden, Finland, and Denmark (the "Foreign Countries

31.  Upon information and belief, the Google Play Store is accessible to end users in Foreign Countries via international websites including, but not limited to Australia (https://play.google.com/?gl=au), United Kingdom (https://play.google.com/?gl=gb), Germany (https://play.google.com/?gl=de), Ireland (https://play.google.com/?gl=ie), (the "Foreign Google Play Stores")..

32.  In addition to the Google Play Store, Google also allows end users to rent or purchase films and television shows via its wholly owned subsidiary, YouTube.

33.   YouTube Movies & Shows ("YouTube Movies Store") is accessible to end users within the United States at https://www.youtube.com/movies.

34.   Upon information and belief, YouTube Movies is accessible to end users in Foreign Countries via international websites including, but not limited to Australia, United Kingdom, Germany, and Ireland (the "Foreign YouTube Movies Stores")..

35.   Upon information and belief, Google owns or leases data or digital storage facilities inside and outside the United States.

36.   Upon information and belief, each digital storage facility consists of hundreds or thousands of hard drives which are housed together in what is called a data center ("Data Center").

37.   Upon information and belief, Google hosts the Google Play Store and digital content it distributes via the Google Play Store, on Data Centers located inside and outside the United States.

38.   Upon information and belief, Google hosts the YouTube Movies Store and digital content it distributes via the YouTube Movies Store, on Data Centers located inside and outside the United States.

39.   Upon information and belief, Google accepts and receives digital content on its Data Centers located in the United States, for the purpose of distribution via the Google Play Store.

40.   Upon information and belief, Google accepts and receives digital content on its Data Centers located in the United States, for the purpose of distribution via the YouTube Movies Store.

41.   Upon information and belief, any digital content to be distributed via the Google Play Store, regardless of the territory of

distribution, is initially received by and copied to Google's Data Centers located within the United States.

42.   Upon information and belief, any digital content to be distributed via the YouTube Movies Store, regardless of the territory of distribution, is initially received by and copied to Google's Data Centers located within the United States.

43.   Upon information and belief, each of Google's Data Centers within the United States is connected to each other, via a secure, private network, which allows Google to back up, reproduce and transfer identical copies of digital content across Google's multiple Data Centers within the United States.

44.   Upon information and belief, Google's Data Centers located within the United States, are used as the source to distribute digital content – via the Google Play Store - to Google Play Store end users located in the United States.

45.   Upon information and belief, Google's Data Centers located within the United States, are used as the source to distribute digital content – via the YouTube Movies Store - to YouTube Movies Store end users located in the United States.

46.   Upon information and belief, Google's Data Centers located outside the United States, are used as the source to distribute digital content – via the Google Play Store - to Google Store end users located outside of the United States.

47.   Upon information and belief, Google's Data Centers located outside the United States, are used as the source to distribute

digital content – via YouTube or the YouTube Movies Store - to YouTube's end users located outside of the United States.

48.   In July 2017 and after, Google, without Plaintiff's authorization, reproduced and made identical digital copies of Plaintiff's copyright protected motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers*, and *Drop Dead Gorgeous* across Google's multiple Data Centers located in the United States, in violation of Plaintiff's right of reproduction as granted by his copyright in *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers*, and *Drop Dead*.

49.   Google reproduced copies of Plaintiff's motion picture - *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers*, and *Drop Dead Gorgeous* - across its Data Centers in the United States, for the purpose of distributing *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers*, and *Drop Dead Gorgeous* via the Google Play Store.

50.   Google reproduced copies of Plaintiff's motion picture - *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers*, and *Drop Dead Gorgeous* - across its Data Centers in the United States, for the purpose of distributing *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers*, and *Drop Dead Gorgeous* via the YouTube Movies Store.

51.   Upon information and belief, Google distributed Plaintiff's motion pictures *After the Rain, Commander Hamilton,* and *The Last Tattoo* within the United States, for profit by sale (electronic sell

through or "EST") or rental (stream; or download to rent or "DTR") –
though the Google Play Store – and to Google Play Store end users.

52.   Upon information and belief, Google continued to reproduce,
and distribute the motion pictures *After the Rain, Commander Hamilton,*
and *The Last Tattoo* within the United States, via the Google Play
Store, thru December 2017 or later.

53.   During this period, the motion pictures *After the Rain,*
*Commander Hamilton,* and *The Last Tattoo* were rented or purchased in
the United States, by end users of the Google Play Store.

54.   Upon information and belief, Google distributed Plaintiff's
motion pictures *After the Rain, Commander Hamilton,* and *The Last*
*Tattoo* within the United States, for profit by sale ("EST"), rental
(stream; or "DTR") or advertising supported stream – though the
YouTube Movies Store – and to YouTube Movies Store end users.

55.   Upon information and belief, Google continued to reproduce,
and distribute the motion pictures *After the Rain, Commander Hamilton,*
and *The Last Tattoo* within the United States, via the YouTube Movies
Store, thru December 2017 or later.

56.   During this period, the motion pictures *After the Rain,*
*Commander Hamilton,* and *The Last Tattoo* were rented or purchased in
the United States, by end users of the Google Play Store.

57.   During this period, the motion pictures *After the Rain,*
*Commander Hamilton,* and *The Last Tattoo* were rented, purchased or
streamed in the United States, by end users of the YouTube Movie
Store.

58. Upon information and belief, Google's Data Centers located within the United States are also connected to Google's Data Centers located outside the United States, via a secure, private network.

59. In July 2017 and after, Google, without Plaintiff's authorization, reproduced, transferred and copied Plaintiff's copyright protected motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers* and *Drop Dead Gorgeous*, from Google's Data Centers located within the United States to Google's Data Centers located outside of the United States, including Europe.

60. In July 2017 and after, Google, either directly, or through its foreign subsidiaries, and without Plaintiff's authorization, reproduced and distributed to the public for profit by sale or by rental, Plaintiff's copyright protected motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers* and *Drop Dead Gorgeous*, via the Google Play Store, in the Foreign Countries, including, but not limited to, Great Britain, Ireland, Germany and Denmark.

61. In July 2017 and after, YouTube, either directly, or through its foreign subsidiaries, and without Plaintiff's authorization, reproduced and distributed to the public for profit by sale, rental or advertising supported stream, Plaintiff's copyright protected motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers* and *Drop Dead Gorgeous*, via YouTube or the YouTube Movie Store, in the Foreign Countries, including, but not limited to, Great Britain, Ireland, Germany and Denmark.

62.   Upon information and belief, Google, either directly or through its foreign subsidiaries, distributed Plaintiff's motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers* and *Drop Dead Gorgeous* to end-users in Foreign Countries - via the Google Play Store - from Google's Data Centers in Europe.

63.   Upon information and belief, YouTube, either directly or through its foreign subsidiaries, distributed Plaintiff's motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers* and *Drop Dead Gorgeous* to end-users in Foreign Countries - via YouTube or the YouTube Movies Store - from Google's Data Centers in Europe.

64.   Google continued to distribute the motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers* and *Drop Dead Gorgeous* in the Foreign Countries, via the Google Play Store thru December 2017, and upon information and belief, thereafter into 2018.

65.   YouTube continued to distribute the motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers* and *Drop Dead Gorgeous* in the Foreign Countries, via YouTube or the YouTube Movie Store, thru December 2017, and upon information and belief, thereafter into 2018.

66.   Upon information and belief, collectively, the motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers* and *Drop Dead Gorgeous* were sold or rented hundreds of times by Google Play Store end users in the Foreign Countries; all without RH's authorization.

67.    Upon information and belief, collectively, the motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers* and *Drop Dead Gorgeous* were sold, rented or streamed (with advertising support), thousands of times by YouTube and YouTube Movie Store end users in the Foreign Countries; all without RH's authorization.

68.    Google continued to distribute the motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers* and *Drop Dead Gorgeous*, via the Google Play Store, thru December 2017, and upon information and belief, thereafter into 2018.

69.    YouTube continued to distribute the motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers* and *Drop Dead Gorgeous*, via YouTube or the YouTube Movie Store, thru December 2017, and upon information and belief, thereafter into 2018

70.    Google's duplication and reproduction of the motion pictures - *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers* and *Drop Dead Gorgeous After the Rain* and *Austin Powers* – on Google's Data Centers within the United States, was without Plaintiff's license or authorization and was itself, an act of infringement in the United States and a violation of the Copyright Act.

71.    Google's unauthorized reproduction of the motion pictures - pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers* and *Drop Dead Gorgeous* – on Google's Data Centers within the United States, was an act of infringement in violation of U.S. Copyright law, which then caused and permitted Google and YouTube's

further unauthorized reproduction and distribution of Plaintiff's motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers* and *Drop Dead Gorgeous* to occur outside of the United States.

72.  Google's unauthorized reproduction of Plaintiff's motion pictures - *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers* and *Drop Dead Gorgeous* – within the United States, in violation of U.S. Copyright law, caused and permitted Google and YouTube's further unauthorized reproduction and distribution of the motion pictures to occur thousands of times outside the United States.

73.  Upon information and belief, Google employs a digital rights management team to specifically oversee the digital content distributed via the Google Play Store and YouTube Movie Store, and uses a digital rights management software to monitor its rights to prevent unauthorized usage.

74.  Upon information and belief, digital rights, including the term of license and authorized distribution territory are incorporated into the metadata of digital files, including Plaintiff's motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers* and *Drop Dead Gorgeous*.

75.  Google had access to the metadata within Plaintiff's motion pictures - *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers* and *Drop Dead Gorgeous* – such that Google knew or should have known that it was not authorized and did not have a license to copy or distribute the motion pictures *After the Rain, Commander Hamilton, The*

*Last Tattoo, Austin Powers* and *Drop Dead Gorgeous* in or after July 1, 2017.

76. Moreover, Google and YouTube's infringing acts, including, without limitation, copying, distributing, renting, lending, selling, streaming, issuing, performing or broadcasting the motion pictures - *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers* and *Drop Dead Gorgeous* – within the Foreign Countries, was also a violation of Foreign Copyright Law found in each of the Foreign Countries, as described in Count V, below.

77. Because information regarding Google and YouTube's full use of Plaintiff's motion pictures remains incomplete or in Google and YouTube's sole possession, the full and complete scope of Defendants' infringing activities and infringing uses of Plaintiff's motion pictures has not yet been fully ascertained.

78. Upon information and belief, a reasonable opportunity for further investigation and discovery will yield evidence that Defendants' unauthorized, unlicensed, and/or infringing use and exploitation of Plaintiff's motion pictures - *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers* and *Drop Dead Gorgeous* – was not limited to the uses described.

79. Defendants' pattern of unlicensed, unauthorized, and uncompensated use of Plaintiff's motion pictures injured Plaintiff, including by depriving Plaintiff of his rightful compensation for the use of his motion pictures and infringing on Plaintiff's exclusive rights to control the reproduction, use, distribution, and sale of his motion pictures.

## CLAIMS FOR RELIEF

### COUNT I

### Direct Infringement of Copyright in the United States

80.  RH incorporates by reference each and all of his prior allegations as if set forth herein.

81.  Google has engaged in the unauthorized reproduction of Plaintiff's copyrighted motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers and Drop Dead Gorgeous*. As a result, Defendant is liable for copyright infringement of Plaintiff's exclusive right of reproduction under 17 U.S.C. § 106.

82.  Google and YouTube have also engaged in the unauthorized distribution of Plaintiff's copyright protected motion pictures *After the Rain, Commander Hamilton and The Last Tattoo*. As a result, Defendants are liable for copyright infringement of Plaintiff's exclusive right of distribution under 17 U.S.C. § 106.

83.  The infringement of Plaintiff's rights of reproduction in each of his copyrighted motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers* and Drop Dead Gorgeous constitutes a separate and distinct act of infringement.

84.  The infringement of Plaintiff's rights of distribution in each of his copyrighted motion pictures *After the Rain, Commander Hamilton and The Last Tattoo* constitutes a separate and distinct act of infringement.

85.  The foregoing acts of infringement by Defendants have been willful, intentional, and in disregard and with indifference to the rights of Plaintiff.

86.  As a direct and proximate result of Defendants'
infringement of RH's copyrights and exclusive rights under
copyright in the Motion Pictures, RH is entitled to maximum
statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount
of $150,000 with respect to each work infringed, or such other
amounts as may be proper under 17 U.S.C. § 504(c). Alternatively,
at RH's election, pursuant to 17 U.S.C. § 504(b), RH shall be
entitled to its actual damages, including Defendant's profits from
infringement, as will be proven at trial.

87.  RH is entitled to his costs, including reasonable
attorneys' fees, pursuant to 17 U.S.C. § 505.

COUNT II

**Direct Infringement of Copyright in the United States Causing
Further Copyright Infringement Outside the United States**

76.  RH incorporates by reference each and all of its prior
allegations as if set forth herein.

77.  Google, while in the United States, created multiple,
duplicate, identical, digital copies of *After the Rain, Commander
Hamilton, The Last Tattoo, Austin Powers and Drop Dead Gorgeous* which
Defendants saved across multiple Data Centers located in the United
States.

78.  Google was not authorized to reproduce, in the United
States, copies of Plaintiff's copyright protected motion pictures
*After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers and
Drop Dead Gorgeous*.

79.  Google did not have a license to reproduce, within the United States, copies of Plaintiff's copyright protected motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers and Drop Dead Gorgeous*.

80.  As a result, Google has engaged in acts of copyright infringement of Plaintiff's right of reproduction of the copyright protected motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers and Drop Dead Gorgeous* under 17 U.S.C. § 106.

81.  Google's wrongful acts of reproduction of the motion pictures - *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers and Drop Dead Gorgeous* – on their Data Centers in the United States, were predicate acts of domestic copyright infringement, in violation of U.S. Copyright law, which then permitted further unauthorized reproduction and distribution of the motion pictures outside of the United States and further infringement by Google and YouTube's end-users in the Foreign Countries.

82.  The foregoing acts of infringement by Google has been willful, intentional, and in disregard and with indifference to the rights of Plaintiff.

83.  As a direct and proximate result of Google's infringement of RH's copyrights and exclusive rights under copyright in the United States, Google permitted further infringement of Plaintiff's motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers and Drop Dead Gorgeous* to occur outside the United States, RH is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the

amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, at RH's election, pursuant to 17 U.S.C. § 504(b), RH shall be entitled to its actual damages, including Defendant's profits from infringement, as will be proven at trial.

84. RH is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

COUNT III

**Contributory Infringement of Copyrights**

85. RH incorporates by reference each and all of his prior allegations as if set forth herein.

86. Google, without license or authorization, reproduced copies of Plaintiff's copyright protected motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers and Drop Dead Gorgeous*, on and across Google's Data Centers in the United States.

87. Google, without license or authorization, reproduced copies of Plaintiff's copyright protected motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers and Drop Dead Gorgeous*, on and across Google's Data Centers located outside the United States.

88. YouTube distributed Plaintiff's motion picture *After the Rain, Commander Hamilton and The Last Tattoo* from Google's Data Centers in the United States to YouTube's end users located in the United States.

21

89.   YouTube, directly or through its European subsidiaries, distributed Plaintiff's motion picture *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers and Drop Dead Gorgeous* from Google's Data Centers located outside the United States to YouTube's end users located outside of the United States, including the Foreign Countries.

90.   Users of the YouTube in the United States rented, purchased or streamed copies of Plaintiff's copyright protected motion picture *After the Rain, Commander Hamilton and The Last Tattoo*.

91.   Users of YouTube outside of the United States rented, purchased or streamed copies of Plaintiff's copyright protected motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers and Drop Dead Gorgeous*.

92.   YouTube and YouTube's end users have engaged in the unauthorized reproduction and distribution of Plaintiff's copyright protected motion pictures. As a result, YouTube and its users have committed direct copyright infringement of Plaintiff's exclusive rights of reproduction and distribution under 17 U.S.C. § 106.

93.   Defendant, by facilitating, managing or directing unauthorized distributions of Plaintiff's copyright protected motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers and Drop Dead Gorgeous* materially contributed to the direct violation of copyright laws by YouTube and YouTube's end users who rented, purchased or streamed *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers and Drop Dead Gorgeous via* YouTube in the time period from July 2017 forward.

22

94.  Google was not authorized to reproduce or distribute the motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers and Drop Dead Gorgeous* in the time period from July 2017 forward.

95.  Google did not have a license to reproduce or distribute the motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers and Drop Dead Gorgeous,* in the time period from July 2017 forward.

96.  Upon information and belief, Google employs a digital rights management team to specifically oversee the digital content distributed via its Google Play Store, and uses a digital rights management software to monitor its rights to prevent unauthorized usage.

97.  Upon information and belief, Google had access to license and distribution information contained in metadata accompanying digital copies of Plaintiff's motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers and Drop Dead Gorgeous*, and the benefit of industry experience, such that Apple either knew or should have known that it was not authorized and did not have a license to copy or distribute the motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers and Drop Dead Gorgeous* for the period beginning July 1, 2017.

98.  The acts of contributory infringement by Google has been committed willfully and with the knowledge that its conduct aided and abetted YouTube and YouTube's end-users to violate the exclusive

rights of Plaintiff in the Motion Picture *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers and Drop Dead Gorgeous*.

99.   Each unlawful reproduction, distribution, public performance and/or public display of the motion pictures - *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers and Drop Dead Gorgeous* – by end-users of the Google Play Store constitutes a separate act of contributory infringement on the part of Google for which Plaintiff is entitled to actual damages.

101. As a direct and proximate result of Google's contributory infringement of RH's copyrights and exclusive rights under copyright, RH is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, at RH's election, pursuant to 17 U.S.C. § 504(b), RH shall be entitled to his actual damages, including Defendant's profits from infringement, as will be proven at trial.

102. RH is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

COUNT IV

**Vicarious Infringement of Copyrights in the United States**

103. RH incorporates by reference each and all of its prior allegations as if set forth herein.

104. Google is vicariously liable for copyright infringement committed by YouTube as Google had the right and the power to control both directly and pursuant to distribution agreements the

infringing activities of YouTube, and Google controlled, directed, ratified or acquiesced in (and received a direct, financial benefit; financial advantages; and/or other economic consideration from) YouTube's infringing activities.

105. Google knew or had reason to know that Google, and any of its subsidiaries, including YouTube, were not licensed or authorized to reproduce or distribute Plaintiff's motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers and Drop Dead Gorgeous.*

106. By their participation in the production, distribution, use, and exploitation of Plaintiff's motion pictures, Google impermissibly, knowingly and willfully infringed, and authorized YouTube to infringe, on Plaintiffs copyrights in *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers and Drop Dead Gorgeous.*

107. As a proximate result of Google's vicarious copyright infringement, Plaintiff has suffered harm, injury, loss; and damage to his ownership rights in his copyrighted motion pictures.

108. Plaintiff is entitled to recover all damages sustained as a result of the vicarious copyright infringement of Google, including (1) the profits of Google or (2) plaintiff's damages, or alternatively, at plaintiff's election, (3) statutory damages.

**Copyright Infringement in Violation of**
**Foreign Copyright Law Within Each of the Foreign Countries**

107. RH incorporates by reference each and all of its prior allegations as if set forth herein.

108. Google, though its European subsidiaries, reproduced, and distributed the motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers and Drop Dead Gorgeous* to Google Play Store end users located in the Foreign Countries.

109. YouTube, though its European subsidiaries, reproduced, and distributed the motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers and Drop Dead Gorgeous* to YouTube's end users located in the Foreign Countries.

110. Google and YouTube were not authorized to reproduce or distribute the motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers and Drop Dead Gorgeous* in the Foreign Countries.

111. Google and YouTube did not have a license to reproduce or distribute the motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers and Drop Dead Gorgeous* in the Foreign Countries.

112. Google and YouTube's actions of reproducing and distributing Plaintiff's copyright protected motion pictures *After the Rain, Commander Hamilton, The Last Tattoo, Austin Powers and Drop Dead Gorgeous* to Google Play Store and YouTube's customers in the Foreign Countries, without RH's authorization or consent, constitutes

copyright infringement under the Foreign Copyright Laws, entitling RH

to money damages under the Foreign Copyright Laws, including, where

applicable, statutory damages for each infringing act.

WHEREFORE, Plaintiff Ralf Hartmann prays that this Court enter

judgment against Defendant Google, LLC and YouTube LLC, as follows:

(a)   That Defendants be held to have infringed upon
      Plaintiff's copyrights in violation of the Copyright
      Act of 1976, 17 U.S.C. §§ 501 et seq.;

(b)   that Defendants be held to have willfully infringed
      upon Plaintiff's copyrights in violation of the
      Copyright Act of 1976, 17 U.S.C. §§ 501 et seq.;

(c)   that an accounting be had and judgment be rendered
      against Defendants for the profits, gains, and
      advantages derived from its wrongful actions, with
      such amounts to be increased and trebled as provided
      by law because of the willful and deliberate nature of
      Defendants' actions;

(d)   compensatory damages and full restitution of all funds
      acquired from Defendants' unfair business practices,
      including disgorgement of profits;

(e)   actual damages suffered by Plaintiff;

(f)   and/or statutory damages upon Plaintiff's election;

(g)   costs of suit herein;

(h)   costs of investigation;

(i)   both pre- and post-judgment interest on any amounts
      awarded;

(j)   payment of reasonable attorneys' fees; and

(k)   such other and further relief as the Court may deem
      just and proper.

<u>DEMAND FOR A JURY TRIAL</u>

As to all causes of action, where applicable, Plaintiff demands a jury trial.

Dated: New York, New York
      January 19, 2021

                    LEBOWITZ LAW OFFICE, LLC

                    By: _____
                        Marc A. Lebowitz
                        Keith M. Getz
                        330 West 38th Street #1002
                        New York, New York 10018
                        (212) 682-6818
                        *Attorneys for Ralf Hartmann*